IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY ELTON LOVE, JR.,  ) No. 2:08-cv-0295-SPK
                          )
        Plaintiff,         )
                          )
    v.                     )
                          )
STATE OF CALIFORNIA, KIMBERLY )
HOLMAN, RAYMOND DOMINGUEZ. )
                          )
        Defendants.        )
_____ )

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff Anthony Elton Love, Jr., is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C § 1983. By separate order, the Court has granted Plaintiff's request for leave to proceed *in forma pauperis* (IFP).

The court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Under § 1915A, the court must "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Id. "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the complaint, if the complaint-(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28

1

U.S.C. § 1915A(b). This Court must therefore determine whether Plaintiff's complaint states a cognizable claim for relief with respect to each named defendant.

Plaintiff's complaint alleges claims sounding in excessive force. To state a claim for the use of excessive force in violation of the Eighth Amendment, Plaintiff must allege facts that, if proven, would establish that prison officials applied force "maliciously and sadistically to cause harm," rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The extent of injury suffered by an inmate is one of the factors a court considers in determining whether the use of force violated the Eighth Amendment. Id. Not every malevolent touch by a prison guard gives rise to a federal cause of action; the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force. Id. at 9-10. Courts must accord prison administrators wide-ranging deference in the adoption and execution of polices and practices to further institutional order and security. See Bell v. Wolfish, 441 U.S. 520, 547 (1979); Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

Here, Plaintiff names as Defendants Kimberly Holman, Raymond Dominguez, and Roy Taylor (who are all correctional officers). His complaint alleges in its entirety that, after he "got into a verbal argument with Sgt. Holman, she . . [had] officer Dominguez and Taylor remove me from the cell in handcuffs[.]" He alleges that he was taken to an "isolated area where other inmates could not see [their] actions." He alleges that Dominguez had his hands on Plaintiff's back while Holman "began choking" him. Officer Taylor watched the assault. All three "falsified documentation." He alleges that as a result of the incident, "I had a scratch on my neck." Plaintiff's complaint also names the State

of California as a Defendant. Plaintiff seeks "to sue the State and Sgt. Holman, Officer Dominguez, and Officer Taylor, for $50,000 . . . a piece [sic]."

Accepting as true all the allegations in the complaint, the Court concludes that it fails to state a claim. The complaint's allegations, if proven, would not "establish that prison officials applied force 'maliciously and sadistically to cause harm,' rather than in a good-faith effort to maintain or restore discipline." Hudson, 503 U.S. at 6-7. Considering the extent of alleged injury ("a scratch on my neck") and the basic alleged circumstances (being removed from a cell while in handcuffs) and alleged wrongful action ("began choking me"), the complaint fails to state a claim. See id. at 10 (indicating that not every "malevolent touch" creates a constitutional cause of action, especially where there is "de minimus use of physical force."). Further, there are no factual allegations indicating circumstances of alleged falsification of documentation. The complaint fails to state a claim against Defendants Holman, Dominguez, and Taylor. The claims against these individuals are dismissed without prejudice, with leave to amend to attempt to state claims that are actual violations of the Eighth Amendment.

The claim for damages against the State of California is dismissed with prejudice. It is well-established that the State is not a "person" within the meaning of the 42 U.S.C § 1983, and is immune from suit under the Eleventh Amendment. See, e.g., Pennhurst State Sch. & Hosp. v Halderman, 465 U.S. 89, 100 (1984). Accordingly, Plaintiff may not name the State of California in any amended complaint for damages under section 1983. See 28 U .S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

The complaint is dismissed. Plaintiff, however, is given 30 days leave to file an amended complaint to attempt to state a good faith basis for claims for violation of the Eighth Amendment. Such an amended complaint, however, may not seek

3

damages against the State of California as a Defendant.  If an amended complaint is not filed within 30 days, the Court will proceed to enter judgment in favor of Defendants and close the case.

    IT IS SO ORDERED.

    DATED:  May 13, 2009.



Samuel P. King
Senior United States District Judge